## TUTHILL v. UNITED LIFE INS. ASS'N.

(Supreme Court, General Term, Second Department. December 12, 1892.)

INSURANCE—ACTION ON POLICY—EVIDENCE—MISTAKE IN PROOF OF DEATH.

> An insured, in order to obtain a reinstatement of a forfeited policy, represented to the company that he had not been ill since the policy was originally granted. In the proofs of death it was erroneously stated by the beneficiary and the attending physician that the insured's last illness began

at a date prior to the application for reinstatement. *Held,* that in an action on the policy the beneficiary might show that the deceased did not begin to be ill till after the policy was reinstated.

Appeal from circuit court, Orange county.

Action by Addie V. Tuthill against the United Life Insurance Association upon a policy of insurance. From a judgment entered on a verdict in favor of plaintiff for $3,000, and from an order denying a motion for a new trial on the minutes of the court, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Harry Wilber, (Edmund T. Oldham, of counsel,) for appellant.
O'Neill & Royce, (W F. O'Neill, of counsel,) for respondent.

DYKMAN, J. The plaintiff in this action is the beneficiary named in a policy of life insurance issued by the defendant for $3,000 upon the life of her husband, John D. Tuthill, now deceased. During the lifetime of the assured he had failed to pay an assessment, which became due and payable to the defendant by the terms of the policy on the 29th day of May, 1890. By other terms of the policy it lapsed and became void in consequence of the failure to pay such assessment. To induce the defendant to renew the policy, the assured made and delivered to the defendant a certificate in writing, in which he declared, among other things, that he had had no sickness of any kind since his original application for insurance. Thereupon the defendant accepted the overdue premium, and reinstated the policy. This is an action upon the policy, and the defendant sets up the falsity of the statement made by the assured to procure the acceptance of the overdue premium and renew the policy. The cause was tried at the circuit, and a verdict rendered in favor of the plaintiff, and from the judgment entered upon that verdict, and the order denying the motion for a new trial upon the minutes of the court, the defendant has appealed.

The assured died in September, 1891, and in the proofs of death the plaintiff and the physician both stated that the health of the deceased was first affected in March, 1890. That statement was erroneous. It should have been March, 1891. According to the testimony of one of the witnesses for the plaintiff, the attention of one of the general officers of the company was called to the mistake, and he said it was all right, and claims such as this were not questioned. Upon the trial the plaintiff was permitted to prove the mistake, and how it happened, and from such proof it appeared that the sickness commenced in March, 1891. The admission of that testimony is now assigned for error, upon the ground that the statements in the proofs of death were in the nature of admissions, and conclusive against the plaintiff in this action. We cannot yield assent to such contention. The right of the plaintiff to a recovery upon the policy in question depended upon the truth of the certificate made by the deceased to procure its renewal, after it had lapsed for nonpayment of premiums, and the proofs of death contradicted that certificate. If they were correct, and the deceased was sick in March, 1890, then his certificate made in May, 1890, was false.

The truth or falsity of the certificate being thus in issue, it became important for the plaintiff to show that it was true by any legitimate testimony. As she had made statements which contradicted the certificate, it was necessary for her to explain them, and the admission of her explanation was not erroneous, especially in view of the fact that the mistake was brought to the attention of the company soon after the proofs of death were furnished. The testimony went to the jury, and the case was submitted to that body of fact triers by a charge which fairly stated the law, and certainly imposed upon the case of the plaintiff a burden as heavy as the defendant could require. The jury was told that the statement in the certificate to procure a renewal of the policy was an absolute guaranty; that it was not a question of fraud, but a question whether the certificate was, as a matter of fact, true; and, further, if the deceased was honest, if he was in error it would avoid the policy. The trial judge also charged that the plaintiff was at liberty to contradict the statements in the proofs of death; that still, if no notice of the error was given to the company, it would not be liable. If, after the defendant was notified of the error, and an effort made to furnish proof of that fact, the necessity for the presentation of different proof was waived, then the fact that the original proofs contained the statement which would relieve the company was immaterial. We find the case free from error, and the judgment and order should be affirmed, with costs. All concur.